Mary Jo O'Neill, AZ Bar No. 005924
C. Emanuel Smith, MS Bar No.  7473
Michelle G. Marshall, AZ Bar No.  017358
Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012-2504
Telephone:  602-640-5020
Fax:  602-640-5009

E-Mail:
Mary.Oneill@eeoc.gov
Emanuel.Smith@eeoc.gov
Michelle.Marshall@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>SUNLAND, INC., an Arizona corporation,<br><br>            Defendant | Civ.<br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Thomas Bloom and a class of male employees who were adversely affected by such practices.  As alleged with greater particularity in paragraphs 7-12 below, the Commission alleges that Thomas Bloom and a class of similarly situated male employees were sexually harassed while working for Defendant, Sunland, Inc.  The Commission further alleges that Defendant retaliated against a class of male employees and constructively discharged them.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Sunland, Inc., ("Defendant" or "Sunland"), has continuously been an Arizona corporation doing business in the State of Arizona and the City of Tucson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Thomas Bloom filed a charge with the Commission alleging violations of Title VII by Defendant Sunland, Inc.  All conditions precedent to the institution of this lawsuit have been fulfilled.

//

//

### FIRST CLAIM: SEXUAL HARASSMENT

7. Since at least September 1999, Defendant has engaged in unlawful employment practices at its Tucson, Arizona facility, in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Thomas Bloom and a class of male employees to sexual harassment.

8. The unlawful sexual harassment includes but is not limited to the following conduct:

   a. Defendant's supervisor, a Foreman, tried to kiss male employees;

   b. Defendant's supervisor, a Foreman, grabbed the genitals of male employees;

   c. Defendant's supervisor, a Foreman, touched male employees sexually and inappropriately, including grabbing male employees and "humping" or otherwise simulating having sex with them.

   d. Defendant's employee exposed himself to male employees;

   e. Defendant's employee urinated on male employees;

   f. Defendant's employee grabbed the genitals of male employees; and

   g. Defendant's employee touched male employees sexually and inappropriately, including grabbing male employees and "humping" or otherwise simulating having sex with them.

9. Although Defendant had notice of sexual harassment, it failed to exercise reasonable care to prevent and/or correct promptly any sexually harassing behavior.

### SECOND CLAIM: CONSTRUCTIVE DISCHARGE

10. The unlawful employment practices described above caused a class of male employees to be constructively discharged in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

### THIRD CLAIM: RETALIATION

11. Defendant retaliated against a class of employees for opposing unlawful employment practice(s) or because they made a charge, testified, assisted, or participated

in any manner in an investigation, proceeding, or hearing under Title VII, in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3(a).

12. The unlawful retaliation includes but is not limited to the constructive discharges alleged above, as well as Defendant's refusal to promote a class member because he engaged in activity protected under Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). As part of Defendant's refusal to promote the class member, management made a statement to the effect of "You can forget about becoming Foreman" after the class member had complained about the sexual harassment.

13. The effect of the practices complained of in paragraphs 7-12 above has been to deprive Thomas Bloom and a class of male employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, male and in retaliation for opposing unlawful employment practice(s) or because they made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

## ALLEGATIONS RELATED TO COMPENSATORY AND PUNITIVE DAMAGES

14. The unlawful employment practices complained of in paragraphs 7-12 above were and are intentional.

15. The unlawful employment practices complained of in paragraphs 7-12 above were and are done with malice or with reckless indifference to the federally protected rights of Thomas Bloom and a class of male employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation or any other employment practice which discriminates on the basis of sex or retaliation.

//

//

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Thomas Bloom and a class of male employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or promotion or, alternatively, front pay for Thomas Bloom and a class of male employees.

  D. Order Defendant to make whole Thomas Bloom and a class of male employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including any relocation expenses, job search expenses, and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

  E. Order Defendant to make whole Thomas Bloom and a class of male employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Thomas Bloom and a class of male employees punitive damages for its malicious and reckless conduct described in paragraphs 7-12 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

1  DATED this 21st day of September, 2005.

2                                              Respectfully submitted,

4                                              JAMES L. LEE
                                               Deputy General Counsel

6                                              GWENDOLYN YOUNG REAMS
                                               Associate General Counsel

8                                              EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION
9                                              1801 L Street, N.W.
                                               Washington, D.C.  20507


12                                             s/ Mary Jo O'Neill
                                               MARY JO O'NEILL
13                                             Regional Attorney


15                                             s/ C. Emanuel Smith
                                               C. EMANUEL SMITH
16                                             Supervisory Trial Attorney

                                               s/ Michelle G. Marshall
18                                             MICHELLE G. MARSHALL
                                               Trial Attorney

20                                             EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION
21                                             Phoenix District Office
22                                             3300 N. Central Ave., Suite 690
                                               Phoenix, AZ 85012

24                                             Attorneys for Plaintiff